UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

| | | |
|---|---|---|
| iiiTec, Limited | § | |
| Appellant-Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 22-20076 |
| | § | |
| Weatherford Technology Holdings, LLC, | § | |
| Marathon Oil Company, and In-Depth | § | |
| Systems, Inc. | § | |
| | § | |
| Appellees-Defendants | § | |

**APPELLEES WEATHERFORD TECHNOLOGY HOLDINGS, LLC,
MARATHON OIL COMPANY, AND IN-DEPTH SYSTEMS, INC.'S
MOTION TO DISMISS APPEAL OF FINAL JUDGMENT
FOR LACK OF JURISDICTION**

Appellees Weatherford Technology Holdings, LLC ("Weatherford Tech"), Marathon Oil Company ("Marathon"), and In-Depth Systems, Inc. ("In-Depth," and collectively with Weatherford Tech and Marathon, "Appellees") file this Motion to Dismiss Appellant iiiTec Limited's Appeal of Final Judgment for Lack of Jurisdiction because Appellant's notice of appeal was not timely. Appellant's motion to alter, filed within 28 days of entry of the District Court's June 25, 2021 Final Judgment ("Final Judgment"), was stricken for willful failure to comply with the District Court's page limit, and its motion for leave to file its initial motion for reconsideration, also filed within the initial 28 days, was denied for the same reason. Consequently, neither of these tolled the notice of appeal deadline. Appellant's subsequently filed motion to reconsider under Rule 60, which was

filed more than 28 days after the Final Judgment was entered, could not further toll

Appellant's deadline to file a notice of appeal of the Final Judgment.

## Certificate of Interested Persons

The undersigned counsel of record certifies that the following listed persons

and entities as described in the fourth sentence of Rule 28.2.1 have an interest in

the outcome of this case. These representations are made so that the judges of this

court may evaluate possible disqualification or recusal:

### Plaintiff/Appellant

iiiTec, Limited, A Scottish private limited company

### Counsel for Plaintiff/Appellants

Terry B. Joseph
David M. Lodholz
Kirby L. Lodholz
Guy L. McClung
Matthews, Lawson, McCutcheon & Joseph, PLLC
5444 Westheimer Rd., Suite 1950
Houston, Texas 77056
713-355-4200 (Telephone)
713-355-9689 (Facsimile)

Kelly D. Stephens
Stephens | Domnitz | Meineke, PLLC
2500 Tanglewilde, Ste. 320
Houston, Texas 77063
713-463-6000 (Telephone)
713-515-5352 (Facsimile)

**Defendants/Appellees**

1. Weatherford Technology Holdings, LLC, a Delaware LLC, a subsidiary of Weatherford International PLC, an Irish public limited company
2. In-Depth Systems, Inc., a Texas corporation, and wholly owned subsidiary of Benmore In-Depth Corporation, a Texas corporation
3. Marathon Oil Company, an Ohio corporation, and wholly owned subsidiary of Marathon Oil Corporation, a publicly traded Delaware corporation

**Counsel for Defendants/Appellees**

Billy M. Donley, *attorney-in-charge*
bdonley@bakerlaw.com
Texas Bar No. 05977085
Glen Shu
gshu@bakerlaw.com
Texas Bar No. 00797429
Mark E. Smith
mesmith@bakerlaw.com
Federal Bar No. 1107457
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600
(713) 751-1717 (facsimile)

Kevin W. Kirsch (admitted *pro hac vice*)
kkirsch@bakerlaw.com
Ohio Bar No. 81996
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
(614) 462-2616 (facsimile)

/s/ Mark E. Smith
Mark E. Smith
Counsel for Appellees

## **Motion to Dismiss**

### I.    **Introduction**

Appellant did not timely file its notice of appeal ("Notice of Appeal") of the final judgment entered on June 25, 2021, by the United States District Court for the Southern District of Texas, Houston Division ("Final Judgment"). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214, 127 S. Ct. 2360, 168 L. Ed.2d 96 (2007). The timeline of events is as follows:

- On June 25, 2021, the District Court entered a Memorandum Opinion and Order dismissing all of Appellant's claims in its Third Amended Complaint. 7.ROA.2541-81.

- On that same day, the District Court entered a Final Judgment in accordance with the Memorandum Opinion and dismissed the claims with prejudice. 7.ROA.2582.

- On July 23, 2021, twenty-eight days after the dismissal, Appellant filed a Motion to Alter, Amend, or Reform Judgment ("Motion to Alter") under Federal Rules of Civil Procedure 59 ("Rule 59") and 60 ("Rule 60") and a Motion for Leave to Exceed Page Limit ("Motion for Leave") to file a second, 53-page motion under the same rules, and seeking the same relief—reconsideration of the Final Judgment.

7.ROA.2587-2657, 2658-2672. The Motion to Alter and the proposed motion attached to the Motion for Leave totaled 67 pages.

- On October 4, 2021, the District Court struck Appellant's Motion to Alter and denied the Motion for Leave because the court found that the filings were an attempt to circumvent the District Court's page limit. The District Court granted Appellant 45 days "to file one motion of no more than twenty-five pages" ("October 4 Order"). 7.ROA.2691-2694.

- On November 2, 2021, Appellant filed a new motion under Rule 59 and Rule 60—Motion to Reconsider Memorandum Opinion and Order and Final Judgment and/or Motion for New Trial or to Modify Judgment ("November Motion to Reconsider"). 7.ROA.2695-2735.

- On January 14, 2022, the District Court issued an order denying Appellant's November Motion to Reconsider. 8.ROA.2787-2839.

- On February 10, 2022, 129 days after the District Court's October 4 Order, disposing of the Motion to Alter and the Motion for Leave, Appellant filed its Notice of Appeal of the Final Judgment ("Notice of Appeal"). 8.ROA.2923-2925.

Because Appellant's notice is untimely, this Court lacks jurisdiction and should dismiss Appellant's appeal of the Final Judgment.

II.    **<u>Argument</u>**

Under Federal Rule of Appellate Procedure 4(a)(1)(A), a party has 30 days from the district court's entry of final judgment to file its notice of appeal of the final judgment. If, within 28 days of entry of judgment, the party files a motion to alter or amend the judgment or motion for new trial under Rule 59 or a motion for relief under Rule 60, that deadline is extended until 30 days after any order disposing of such motions. FED. R. APP. P. 4(a)(4)(A)(iv-vi) and 4(b)(3)(A).

    A.    **Appellant's Motion for Leave was denied and its Motion to Alter was stricken for failure to comply with local rules.**

The Final Judgment was entered on June 25, 2021. 7.ROA.2582. Appellant filed its Motion for Leave 28 days later on July 23, 2021, seeking leave to file a 53-page proposed Motion to Reconsider Memorandum Opinion and Order and Final Judgment and/or Motion for New Trial ("Proposed Motion to Reconsider"). 7.ROA.2587-2657. On that same day, Appellant filed its 14-page Motion to Alter. 7.ROA.2658-2672.

The Motion to Alter was nothing more than a continuation of the Proposed Motion to Reconsider, or vice versa. Both the Proposed Motion to Reconsider and the Motion to Alter were filed pursuant to Rule 59(e) and Rule 60(a) and (b)(6), and both sought the same relief—reconsideration of the Final Judgment. 7.ROA.2587-2672. Accordingly, Appellant attempted to file a 67-page motion to reconsider under Rules 59 and 60 in violation of the District Court's procedures.

The District Court "requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court any brief or memorandum shall be limited to 25 pages…." District Court Procedures § 6(A).

Appellees filed a response to the Motion for Leave and a motion to strike the Motion to Alter ("Motion to Strike") arguing that the Motion for Leave failed to establish good cause for the requested excess pages and that the Motion to Alter was nothing more than a further attempt to circumvent the District Court's 25-page limit. 7.ROA.2674-2681. On October 4, 2021, the District Court denied Appellant's Motion for Leave and granted Appellee's Motion to Strike finding that Appellant's Proposed Motion to Reconsider and Motion to Alter "total 67 pages, which is well above the 25-page limit for briefs in the Court's Procedures, § 6.A" ("October 4 Order"). 7.ROA.2691-2694. The District Court gave Appellant "forty-five days from the date of [its] order to file one motion of no more than twenty-five pages". 7.ROA.2694.

The October 4 Order, however, could not extend the deadline to file a Rule 59 or Rule 60 motion. FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed.2d 58, 106 Fed. R. Serv.3d 1490 (2020) (holding that the deadline to file a timely Rule 59 motion is 28 days and "with no

possibility of an extension."). It also did not provide an extension of the deadline to appeal the Final Judgment under Federal Rules of Appellate Procedure 4.

### B.    Appellant's Proposed Motion to Reconsider nor the Motion to Alter tolled the deadline for filing its notice of appeal.

As a result of the October 4 Order, Appellant's Proposed Motion to Reconsider was never filed because the motion seeking leave to file it was denied. Therefore, the Proposed Motion to Reconsider did not toll Appellant's deadline to file a notice of appeal of the Final Judgment.

Appellant's Motion to Alter did not toll the deadline to file a notice of appeal because it was stricken for attempting to circumvent the District Court's 25-page limitation. A stricken motion for reconsideration based on a willful failure to comply with a local rule of form does not toll the deadline for filing a notice of appeal. *See Al-Qarqani v. Saudi Arabian Oil Company*, 19 F.4th 794, 799 (5th Cir. 2021) (holding that appellant's stricken motion to reconsider tolled the deadline to file a notice of appeal because Federal Rule of Civil Procedure 83 prohibits enforcement of a local rule of form "in a way that causes a party to lose any right because of a <u>nonwillful</u> failure to comply.") (emphasis added).

Federal Rule of Civil Procedure 83 does not save Appellant because, unlike the appellant in *Al-Qarqani*, Appellant's violation was willful. *See* FED. R. CIV. P. 83(a)(2). Rule 83 states that a party cannot lose a right for a nonwillful violation of a local rule of form. Conversely, a party can lose such a right because of a willful

violation. That is the case before the Court. Willful is considered synonymous with "voluntary," "deliberate," and "intentional," and is generally understood to refer to conduct that is not merely negligent. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Appellant's violation of the 25-page limit by 42 pages was not merely negligence. It was voluntary, deliberate and intentional. That willful violation cost Appellant its right to appeal from the Final Judgment.

Rather than filing a motion conforming to the District Court's procedure, Appellant, on the filing deadline, willfully filed what was in effect a 67-page motion for reconsideration. This was an intentional and calculated gamble. Appellant hoped the Court would permit more than twice the allowed number of pages so Appellant could argue more substantive issues. This was not an inadvertent mistake with fonts, footnotes, spacing, a missing certificate or a missing signature. This was Appellant's willful and deliberate choice, and it backfired. The District Court saw through Appellant's efforts. *See* 7.ROA.2691-2694.

Appellant is no stranger to problems with the District Court's local rules. Appellant outright ignored the Court's local rules by disregarding a deadline for filing a reply in support of its November Motion to Reconsider. LR7.4(E). Appellant only sought leave to file its reply three days <u>after</u> missing the deadline,

citing the Thanksgiving holidays and counsels' vacation plans as the reason for its failure to comply. 8.ROA.2762-2775.

Appellant's violation this time around was not just of a rule of form like in *Al-Qarqani*. *Al-Qarqani* involved a party's "undisputedly nonwillful" failure to include a certificate of conference and proposed order. *Al-Qarqani*, 794 F.4th at 799. Here, Appellant attempted to submit more than twice the amount of substantive argument allowed by the District Court. Every page over the District Court's limit is one more page of substantive argument. That is not "merely formal" like the violation in *Al-Qarqani*. *Id*.

Because Appellant's violation of the District Court's page limits was willful and not one of form, neither the denied Motion for Leave nor the stricken Motion to Alter tolled Appellant's deadline to file its Notice of Appeal of the Final Judgment. Accordingly, Appellant's Notice of Appeal of the Final Judgement is untimely.

### C. Even if The Proposed Motion to Reconsider or Motion to Alter tolled Appellant's deadline, its Notice of Appeal was still not timely.

If Appellant's denied Motion for Leave or stricken Motion to Alter extended its deadline to file a notice appealing the Final Judgment, the 30-day period to file such a Notice of Appeal began to run, at the latest, when the District Court disposed of both motions on October 4, 2021. FED. RULE. APP. P. 4(a)(4)(A)

(providing that "the time to file an appeal runs for all parties from the entry of the order disposing of the last [Rule 59 or 60] motions."); *Al-Qarqani*, 19 F.4th at 799 ("The filing period thus began to run upon entry of the order striking [the motion to reconsider], and the plaintiff's notice of appeal was timely filed"); *see also*, *Fontanillas-Lopez v. Morell Bauzá Cartagena & Dapena, LLC*, 832 F.3d 50, 58 (1st Cir. 2016) (holding that "a district court's order striking a Rule 59(e) motion from the record for noncompliance with local rules is an order disposing of that motion, such that the order's entry represents the beginning of the 30-day window for appealing the judgment that forms the underlying subject of the Rule 59(e) motion."); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (holding that "the district court's order striking Carlson's motion [to reconsider] undeniably disposed of it, whatever the meaning of the word 'strike.'"). Therefore, Appellant's deadline to file a Notice of Appeal of the Final Judgment was no later than November 3, 2021. Appellant did not file its Notice of Appeal until February 10, 2022. 8.ROA.2923-2925.

### D.     Appellant's November Motion to Reconsider did not further toll the deadline to file a notice of appeal of the Final Judgment.

Instead of filing a timely notice of appeal like the appellant in *Al-Qarqani*, Appellant filed its November Motion to Reconsider on November 2, 2021. 7.ROA.2695-2735. That motion could not further extend Appellant's deadline to

file a notice of appeal of the Final Judgment under either Rule 59 or 60. 7.ROA.2695-2735. FED. RULE. APP. P. 4(a)(4)(A); *Al-Qarqani*, 19 F.4th at 799.

Despite Appellant's claim that the November Motion to Reconsider was filed under both Rules 59 and 60, it could only be a Rule 60 motion because it was filed more than 28 days after entry of the Final Judgment. FED. R. CIV. P. 59(b), (e); FED R. CIV. P. 6(b)(2) (prohibiting extension of the deadline to act under either Rule 59 or 60); *see also, United States v. Mtaza*, 849 Fed. Appx. 463, 466 (5th Cir. 2021) (holding that motions for reconsideration filed within 28 days of entry of judgment are considered under Rule 59 and those filed after 28 days are considered under Rule 60); 7.ROA.2695. A Rule 60 motion filed more than 28 days after entry of judgment cannot extend a party's deadline to file a notice of appeal of the judgment. FED. R. APP. P. 4(a)(4)(A)(vi) (providing that a Rule 60 motion can toll the deadline to file a notice of appeal only if filed within 28 days of entry of judgment).

As part of its October 4 Order, the District Court reasoned that because Appellant filed its stricken Motion to Alter within 28 days of entry of the Final Judgment, its November Motion to Reconsider was more appropriately considered under Rule 59, and not Rule 60, citing *Greer v. Works*, No. 4:01CV232Y, 2003 WL 21294710 (N.D. Tex. June 2, 2003); 8.ROA.2804-2806. However, *Greer* does not address the situation here. In that case, the court was grappling with an

amendment to an otherwise timely Rule 59 motion. *Greer*, 2003 WL 21294710, at *1. In this case, there was no pending Rule 59 motion to amend when Appellant filed its November Motion to Reconsider. Instead, the Proposed Motion to Reconsider had never been filed and the Motion to Alter had been stricken. 7.ROA.2691-2694. Appellant also did not claim that it was filing an amendment. The November Motion to Reconsider was not titled as an amended motion nor does it reference the Proposed Motion to Reconsider or the Motion to Alter. 7.ROA.2695-2735. Moreover, the October 4 Order did not order Appellant to amend either the Proposed Motion to Reconsider or the Motion to Alter. 7.ROA.2691-2694.

In addition to *Al-Qarqani's* holding that the striking of a timely filed motion (although defective for nonwillful reasons) starts the clock for filing a notice of appeal, decisions from other circuits are instructive regarding motions like Appellant's November Motion to Reconsider. The First Circuit, when considering a second motion to reconsider filed after an original motion was rejected for failure to comply with local rules, held that "the new motion [must] be evaluated on its own merit, not as an extension of the noncompliant motion. So viewed, the [new] motion cannot serve as a vehicle for restarting the appeal period because it was filed beyond the [then applicable] 10-day period stipulated in Rule 59(e)." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 225 (1st Cir. 1994).

The Tenth Circuit also faced a similar, although far less egregious, situation in *Fox v. Noram Energy Corp*. 198 F.3d 257 at *4 (10th Cir. 1999) (unpublished table decision). In *Fox*, the plaintiff filed a timely Rule 59 motion, but the motion exceeded the district court's page limit leading the court to strike the motion. *Id*. at *1. After receiving leave from the court to file a revised motion using a smaller font size and spacing, the plaintiff filed an almost identical motion complying with the page limit, but that was outside of the then applicable ten-day window for filing a timely Rule 59 motion. *Id*. Affirming the district court, the Tenth Circuit held that "plaintiffs failed to file within the ten-day period established by Rule 59 a motion to alter or amend the judgment that complied with the applicable page limitations, their second motion was properly treated as a Rule 60 motion, and the time period for filing a notice of appeal of the underlying summary judgment motion was not tolled." *Id*. at *4.

In *Daeda v. School Dist. of Lee County*, the Eleventh Circuit considered whether appellant's "amended" motion for relief from the district court's judgment (characterized by appellant as a Rule 59 and 60 motion) was timely under either Rule 59 or 60. 214 Fed. Appx. 888, at *1 (11th Cir. 2006). The court held that because appellant's prior motion for relief was denied, the purported amendment did not relate back and was untimely under both Rules 59 and 60, as it was not

filed within 10 days of entry of judgment (Rule 59) or within a reasonable time (Rule 60). *Id*.

Finally, the Court of Federal Claims rejected a similar claim that a Rule 60(b) motion should relate back to a prior, timely filed motion holding:

> Finally, the fact that plaintiff's original RCFC 60(b) motion was timely filed on December 22, 2005 does not prevent plaintiff's amended motion from being time-barred. Even if plaintiff had argued, by analogy to RCFC 15, that its amended motion effectively related back to the original motion, such an argument would fail in the context of an amended RCFC 60(b) motion. RCFC 6(b) provides that the Court "may not extend the time for taking *any action* under" RCFC 60(b) "except to the extent and under the conditions stated [therein]." Plaintiff's amended motion clearly falls within "any action" under RCFC 60(b), and the rule does not establish any "extent" to which, or "conditions" under which, the Court may extend the time for such an amended motion.

*JGB Enterprises, Inc. v. U.S.*, 71 Fed. Cl. 468, 470-71 (2006) (emphasis in original) (citing *Sorbo v. United Parcel Service*, 432 F.3d 1169 (10th Cir. 2005).

Based on *Al-Qarqani* and the other cases cited above, the November Motion for Reconsideration did not further toll Appellant's deadline to file a notice of appeal of the Final Judgment.

### E. Because the Notice of Appeal of the Final Judgment is not timely, this Court lacks jurisdiction to hear Appellant's appeal of the Final Judgment.

Because Appellant filed its Notice of Appeal on February 10, 2022, 129 days after the District Court disposed of Appellant's Motion for Leave and Motion to Alter, and 230 days after entry of the Final Judgment, this Court is without

jurisdiction to hear Appellant's appeal of the Final Judgment or any other issues beyond those pertaining to the District Court's denial of the November Motion to Reconsider under Rule 60. *See Al-Qarqani*, 794 F.4th at 799; *Mtaza*, 849 Fed. Appx. at 472 (Haynes, J., dissenting in part and concurring in part) ("Because Mtaza moved for reconsideration after the 28-day deadline and did not file an appeal until more than 30 days after the October Order, his motion for reconsideration was a Rule 60 motion, and we lack jurisdiction over all the issues other than those pertaining to the Rule 60 motion."); *Frew v. Young*, 992 F.3d 391, 397 n. 11 (5th Cir. 2021) (stating that "[a]ppeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.") (citing *Browder v. Dep't of Corr. Of Ill.*, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 54 L. Ed.2 521 (1978)).

### III.   <u>Prayer</u>

For the reasons cited herein, Appellees respectfully requests that this Court grant their motion and find that this Court lacks jurisdiction over Appellant's appeal of the Final Judgment and any other issues beyond those pertaining to the District Court's dismissal of the November Motion to Reconsider under Rule 60. Appellees respectfully requests any other relief to which they may be entitled.

Respectfully submitted,

BAKER & HOSTETLER LLP

*/s/ Billy M. Donley*
Billy M. Donley, *attorney-in-charge*
bdonley@bakerlaw.com
Texas Bar No. 05977085
Glen Shu
gshu@bakerlaw.com
Texas Bar No. 00797429
Mark E. Smith
mesmith@bakerlaw.com
Federal Bar No. 1107457
Texas Bar No. 24070639
811 Main Street, Suite 1100
Houston, Texas 77002
(713) 751-1600
(713) 751-1717 (facsimile)

Kevin W. Kirsch (admitted *pro hac vice*)
kkirsch@bakerlaw.com
Ohio Bar No. 81996
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
(614) 462-2616 (facsimile)

**ATTORNEYS FOR APPELLEES**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on March 18, 2022, I conferred with Appellant's counsel regarding this motion and Appellant's counsel is opposed to the relief requested herein.

Dated: March 23, 2022

*/s/ Mark E. Smith*
Mark E. Smith

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed via CM/ECF and served on counsel of record as follows:

*tjoseph@matthewsfirm.com*
Terry B. Joseph
*dlodholz@matthewsfirm.com*
David M. Lodholz
*klodholz@matthewsfirm.com*
Kirby L. Lodholz
Guy L. McClung
**Matthews, Lawson, McCutcheon & Joseph, PLLC**
5444 Westheimer Rd., Suite 1950
Houston, Texas 77056
713-355-4200 (Telephone)
713-355-9689 (Facsimile)

*kelly.stephens@hotmail.com*
Kelly D. Stephens
**Stephens | Domnitz | Meineke, PLLC**
2500 Tanglewilde, Ste. 320
Houston, Texas 77063
713-463-6000 (Telephone)
713-515-5352 (Facsimile)

*Attorneys for Appellant*

Dated: March 23, 2022

*/s/ Mark E. Smith*
Mark E. Smith

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements


1. This document complies with the word limit of FED. R. APP. P. 27(d)(2) because, excluding the parts of the motion exempted by FED. R. APP. P. 32(a)(7)(B)(iii), this document contains 3894 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 MSO in 14-point Times New Roman font.


_/s/_ Mark E. Smith
Attorney for Appellees

Dated: March 23, 2022